Hyman Bakshay, J.
This is an application in the nature
of a writ of error coram nobis to vacate and set aside a judgment of the former Kings County Court dated June 17, 1957, convicting the defendant on his plea of guilty, during trial, of the crime of murder in the second degree and sentencing him to a term of not less than 20 years to life with commitment to the Elmira Reception Center. The defendant was granted a hearing at which it was stipulated that the court decide the application on the basis of the minutes of the plea of guilty entered on May 8, 1957. The sole issue to be determined is whether the facts elicited at the time the defendant pleaded guilty as aforesaid were consistent with the essential elements of the crime of murder in the second degree (People v. Serrano, 15 N Y 2d 304).
*922 The defendant and one John K. Witherspoon were indicted for the crime of murder in the first- degree in that on or about December 25, 1956, in the County of Kings, the defendants acting in concert, willfully, feloniously and with malice aforethought struck one Enrico Pavedora with a knife inflicting divers wounds upon him and as a result of which he died on or about December 25, 1956. On the second day of the trial, after proof was submitted that the codefendant Witherspoon stabbed the deceased, and the petitioner Steedly stabbed another who recovered from the wound, defendants requested permission to withdraw their plea of not guilty and to be permitted to plead guilty to the crime of murder in the second degree.
The following colloquy then ensued between the court and the petitioner:
BT THE court:
Q. Mr. Robert Steedly, how old are you? A. Sixteen.
Q. You talked this over with your lawyers, Miss Santangelo and Mr. Norman Johnson? A. Yes, sir.
Q. And your parents ? A. Yes, sir.
Q. You know exactly what you are doing? A. Yes, sir.
Q. Are you doing so of your own free will? A. Yes, sir.
Q. Did you participate with Mr. Witherspoon in the killing of this sailor? A. Yes, sir.
Q. You know you are going to be punished for it? A. I had no intention of killing anyone or anything like that. I can’t explain it. It is one of those things that happened. I am sorry for what happened.
Q. It was Christmas night and you are sorry for what happened? A. I didn’t stab the sailor.
Q. I know you didn’t but you had a knife with you? A, Yes, sir.
Q. Which one did you stab? A. The red-headed sailor.
Q. They were all together, were they not? A. Yes.
Q. And you did this to that person together with Witherspoon? A. No, sir.
Q. Well, I guess the probation officer will be a little bit more painstaking in detail with respect to that. Do you wish to plead guiltv of your own free will ? A. Yes.
the court: Take the pleas.
The defendant claims that at the time he pleaded guilty he was 16 years of age and that the minutes of plea demonstrate that he did not realize that by pleading guilty he was admitting that he had committed a homicide. He believed that he was only admitting that he had been “ a party in a fight in which a person had been killed by the hands of someone other than your petitioner.” Defendant alleges that the facts elicited by the court at the time the defendant pleaded guilty cast doubt as to whether he was guilty of the crime of murder in the second degree or whether some other crime would be more appropriate,
*923 In support of his contention the defendant relies on the case of People v. Serrano (15 N Y 2d 304, supra). In that case the defendant who had been indicted for murder in the first degree was permitted to plead guilty to the crime of murder in the second degree. Before accepting the plea of guilty the trial court interrogated the defendant who gave a version of the occurrence different from that of the People, and indicating that he had been guilty of the lesser charge of manslaughter in the first degree rather than of murder in the second degree. The Trial Judge instead of rejecting the plea of guilty or advising the defendant that his admissions might not amount to the crime to which he was pleading guilty and inquiring further whether he nevertheless wished to plead guilty “ for instance-, to avoid the risk of a jury verdict of first degree murder ’ ’, deciding that the defendant was not subject to belief, accepted the plea, and thereafter sentenced the defendant to a prison term of 30 years to life. The defendant appealed from a judgment of the Appellate Division affirming his conviction (People v. Serrano, 20 A D 2d 777), and from an order of that court affirming denial of coram nobis relief (People v. Serrano, 20 A D 2d 779). In reversing the conviction and directing that the case be remanded to permit defendant to replead, Judge Fuld writing for a majority court stated: ‘ ‘ The principal question presented is whether a judgment of conviction, entered upon a plea of guilty to a particular crime, may stand where the record discloses that, before accepting the plea, the court elicited information from the defendant which cast doubt upon his guilt of the crime to which he pleaded.” (People v. Serrano, 15 N Y 2d 304, 307.) The Court of Appeals held that under the circumstances presented Serrano’s plea of guilt was not a valid one. His admissions ‘ ‘ at the time he changed his plea go far toward negating the inference that he formed a design to kill Bonilla, a necessary element of the crime of murder in the second degree. His answers, therefore, do not sustain the conviction for that crime and, this being so, the trial court erred in taking the guilty plea without, at least, making further inquiry.” (People v. Serrano, supra, pp. 308-309.) The court pointed out that “ before accepting a plea of guilt where the defendant’s story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing.” (People v. Serrano, supra, p. 310.) The court stated that since it was reversing the judgment of conviction and remanding the case to permit the defendant to replead, his appeal from the order denying him coram nobis *924 relief becomes academic. I draw no inference from this statement that coram nobis does not lie.
In the present case, in the light of the statements made by the defendant at the time he pleaded guilty, I find that the defendant was not fully aware of what he was doing when he pleaded guilty to the crime of murder in the second degree. His answers to the court’s questions as to the circumstances and details of the crime to which he admitted his guilt ‘ go far toward negating the inference that he formed a design to kill * * *, a necessary element of the crime of murder in the second degree. His answers, therefore, do not sustain the conviction for that crime” (People v. Serrano, supra, p. 309).
The defendant did not take an appeal from the judgment of conviction and his time to do so has long since expired. The question is whether the defendant can be granted relief by way of coram nobis. While it is established law that “ neither coram nobis nor any other post-conviction remedy may be employed to perform the office of an appeal” (People v. Howard, 12 N Y 2d 65, 68), nevertheless, the circumstances under which the defendant pleaded guilty warrant my setting aside and vacating the judgment of conviction in the interests of justice, so as to afford the defendant an opportunity to replead. The application is, therefore, granted.