Chief Judge Fuld.
The defendant herein was convicted, on her plea of guilty, of the crime of “ wilfully ” causing or permitting her children to be “ placed in such a situation * * * that * * * life or limb [was] endangered,” and “health [was] likely to be impaired ” (Penal Law, § 483, subd. 2), and sentenced to prison. According to the information, the defend-
*406 ant’s children, both infants, were found, inadequately clothed on a street in Troy at 6:30 in the morning during a rainstorm. It is the defendant’s claim—as set forth in her affidavit on appeal — that she had left her children at the home of a friend to be taken care of while she looked for a place to live and that, upon leaving for work the following morning, the friend placed the children on the street to play.
The defendant, adequately informed of her rights, elected to waive her right to counsel and pleaded guilty. Such action on her part imposed a heavy responsibility upon the trial judge. Before accepting the waiver and the guilty plea, he should have questioned her and satisfied himself, first, that she understood the consequences of her waiver (see, e.g., Von Moltke v. Gillies, 332 U. S. 708, 724), and, second, that she committed an act which constituted a crime and would furnish basis for the plea. (See People v. Serrano, 15 N Y 2d 304, 308; see, also, American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Tent. Draft [Feb., 1967], pp. 30-34.) Concerning the waiver, the Supreme Court wrote in the Von Molthe case (332 U. S., at p. 724), “To be valid [it] must be made with an apprehension of the nature of the charges * * *. A judge can make certain that an accused’s professed waiver of counsel is understanding^ and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.” And, particularly in a case where the plea is given without the benefit of counsel—unless the circumstances are such as those which existed in People v. Griffin (7 N Y 2d 511, 515-516) —the trial judge should inquire of the defendant “ as to the * * * details of the crime to which he is admitting his guilt ” and not rely upon his “ mere mouthing of the word ‘guilty’”. (People v. Serrano, 15 N Y 2d 304, 308, supra.) Although such questioning may deprive the guilty plea process of some of its efficiency, it has been well said that ‘ ‘ these inquiries nonetheless take far less time and are far less demanding of criminal justice resources than full-scale trials. The benefits derived for defendants and for the system far outweigh the loss in efficiency. First and foremost, inquiry ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead.” (American Bar As:so *407 ciation Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Tent. Draft [Feb., 1967], pp. 32-33.)[1]
In the case before us, neither the return of the police justice nor anything else in the record indicates that the defendant fully understood the nature of the charges against her or was aware of possible defenses which may have been available to her. The court should have questioned her about the circumstances underlying the crime involved and if, from her account, it appeared that a factual basis for the plea was lacking, the court should have declined to accept it.
Following the practice adopted in People v. Durling (303 N. Y. 382), the determination of the appeal should be withheld and the ease remitted to the Troy Police Court for further proceedings in accordance with this opinion.
Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
Determination withheld, etc.

. “ Of course ”, as we observed in Serrano (15 N Y 2d, at p. 310), even if a defendant’s version of the crime “is not consistent with the charge to which he is pleading ”, and he is so advised by the court, he “ might still wish to plead guilty, perhaps to avoid the risk of conviction upon a trial of the more serious crime charged in the indictment, and such a plea could be accepted by the court.”