THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN JAMES JOHNSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 27, 1967, convicting him of robbery in the third degree, upon a guilty plea, and imposing sentence upon him as a second felony offender. Judgment reversed, on the law, and case remanded to the Criminal Term for repleading. In our opinion, the plea of

guilty was not properly accepted. When defendant was asked, prior to the acceptance of his plea, whether he was pleading guilty because he was guilty he answered, in essence, that he was entering the plea only because that was the only way he could obtain hospital treatment for his narcotic addiction. No effort was made by the court to correct defendant's erroneous impression as to the sentence he was to receive; nor was any inquiry made as to whether anyone had promised him such treatment. The failure of the court to promptly clarify this point was error. Moreover, the adherence by the court to the requirements set forth in *People* v. *Serrano* (15 N Y 2d 304) was marginal at best. Prior to the acceptance of the plea the court attempted to elicit a confession from defendant that he had committed the crime charged. There is a serious question on the record as to whether defendant admitted that force or fear, necessary elements of the crime of robbery, had been employed. A plea of guilty may be accepted in spite of the fact that a defendant's recital of the circumstances of his crime is inconsistent with the crime charged. However, under such circumstances, it is incumbent upon the court to take all precautions to assure that the defendant is aware of what he is doing (*People* v. *Serrano,* 15 N Y 2d 304, *supra*). No such precautions were taken herein. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.