■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT W. LEDERHILGER, Appellant.— Appeal by defendant from (1) a judgment of the County Court, Nassau County, rendered August 19, 1971, convicting him of murder in the second degree, upon a guilty plea, and sentencing him to a prison term of 20 years to life, and (2) an order of the same court, entered July 2, 1971, which, after a hearing, denied his motion to withdraw said plea. Judgment and order reversed, on the law and as a matter of discretion in the interests of justice; and motion to withdraw plea of guilty granted. In our opinion the County Court erred in denying the defendant's motion to withdraw his plea of guilty of murder in the second degree. Defendant's statement at the time of the plea did not spell out an essential element of that crime under section 1046 of the former Penal Law, namely, that he had intentionally committed the murder (*People* v. *Serrano,* 15 N Y 2d 304; *People* v. *Beasley,* 25 N Y 2d 483). This omission was not supplied by the testimony at defendant's prior trial. Furthermore, the missing element may not be found in the affirmance of the findings of fact by this court in *People* v. *Lederhilger* (35 A D 2d 588), in which we reversed the prior judgment of conviction. The defense at the prior trial was founded upon the contention that defendant had lacked the requisite intent because of psychomotor

epilepsy. This court ordered a new trial because of certain errors in admitting rebuttal evidence on this very issue. Furthermore, defendant's motion to withdraw his guilty plea was made before the scheduled sentencing. He contended that he was innocent and had been induced to plead guilty because two of his daughters were pregnant, that one of these daughters had suffered several miscarriages, and that therefore he wished to spare them the ordeal of a new trial. This contention was supported by defendant's prior statements at the change of plea and by the subsequent testimony of his daughter, Betty Elizabeth Lederhilger, who was an important People's witness at the first trial. Under the circumstances of this case, it was an improvident exercise of discretion to deny the motion to withdraw the plea (*People* v. *McKennion*, 27 N Y 2d 671). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.