**Levell Willie BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57389.**

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1973.

Paul J. Kaveney, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from denial, after evidentiary hearing, of motion under Rule 27.26, V.A.M.R., to vacate and set aside judgments of conviction with concurrent sentences to twelve years' imprisonment on three charges of robbery, first degree, by means of a dangerous and deadly weapon.

By his motion of March 17, 1971, Levell Willie Brown attacked his sentence to twelve years' imprisonment imposed November 25, 1964, upon conviction by a jury in Cause 801–M, robbery, first degree, by means of a dangerous and deadly weapon. As grounds for relief, he asserted: "* * * he was denied his right to appeal the conviction herein mentioned and that the same is a violation of his federal constitutional right under the Federal Constitution U.S.C.A. amend. XIV; Smith v.

McMann, 417 F.2d 648 (2d Cir. En Banc) and that he was denied his right to a free transcript as a poor person Griffin v. Illinois, 351 U.S. 12, 76 Sup.Ct. 585, 100 L.Ed. 891 and that he did not intelligently waive the same Johnson v. Zerbst, 304 U.S. 444 [sic], 458, 462 [58 S.Ct. 1019, 82 L.Ed. 1461] (1932) and that before a federally protected right can be deemed to be waived it must be an intentional abandonment of a known right, and that the burden rest on the state to prove the waiver Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70.

"(2) [He] was denied effective assistance of counsel because he failed to prepare a defense and went into a conspiracy to deprive movant of his right to appeal, he was totally lacking in the requirement of due process for effective counsel, see U.S.C.A. const. amend. VI, '. . . and to have the assistance of counsel for his defense . . .' to the states by way of the 14th amendment Gideon v. Wainwright, 372 U.S. 335 [83 S.Ct. 792, 9 L. Ed.2d 799] (1963) and to have the effective assistance Powell v. Alabama, 287 U. S. 45, 68 [53 S.Ct. 55, 77 L.Ed. 158] (1932) and zealous counsel Avery v. Alabama, 308 U.S. 444 [60 S.Ct. 321, 84 L.Ed. 377] (1940); Smith v. O'Grady, 312 U.S. 329 [61 S.Ct. 572, 85 L.Ed. 859] (1941)."

By "Supplement #1" to his motion, filed March 29, 1971, movant also attacked his sentences to twelve years' imprisonment, also imposed November 25, 1964, upon his guilty pleas in Causes 802–M and 803–M, also charges of robbery, first degree, by means of a dangerous and deadly weapon. (All three charges arose from the same incident; the sentences were ordered to run concurrently.) As grounds for relief in his supplemental motion, movant asserted:

"(1) * * * that his plea of guilty was involuntarily given and that he did not freely plead thereto. Movant contends that this was in violation of his federally protected rights under the U. S. Constitu-

tion U.S.C.A.Const. amend. V, XIV, [Von] Moltke v. Gillies, 332 U.S. 708, 724 [68 S. Ct. 316, 92 L.Ed. 309]; People v. Seaton, Court of Appeals of New York, 1967, 19 N.Y.2d 404 [280 N.Y.S.2d 370], 227 N.E.2d 294; United States v. Parrino, 212 F.2d 919 (2d Cir. 1954); Bailey v. MacDougall, U.S. Court of Appeals 4th Cir., 1968, 392 F.2d 155; Kercheval v. United States, 274 U.S. 220, 223 [47 S.Ct. 582, 71 L.Ed. 1009] (1927); State v. Reese, Mo.S.Ct.1970 [457 S.W.2d 713]; State v. Blaylock, Mo.S.Ct. (1966) [394 S.W.2d 364]; State v. Arnold, Mo.S.Ct. (1967) [419 S.W.2d 59].

"* * * that he was denied the effective assistance of counsel for his defense all in violation of his federally protected rights under the 6th amendment to the United States Constitution, Powell v. Alabama, U.S.S.Ct. (1932); Avery v. Alabama, 304 [308] U.S. 444 [60 S.Ct. 321, 84 L.Ed. 377] (1940)."

The pertinent chronology of this matter may be quoted from appellant's statement:

"The Court * * * took into consideration the files in Causes Numbers 801–M, 802–M and 803–M and the Transcript of the Record of the proceedings in said causes. The Court found that on June 9, 1964, the Movant was indicted by the Grand Jury of the City of St. Louis for three offenses of Robbery First Degree by Means of a Dangerous and Deadly Weapon. Morris Hatchett entered his appearance on behalf of the Movant on August 10, 1964, and under date of September 18, 1964, a substitute information in lieu of the indictment was filed by leave of Court, and a copy of said information was mailed to the Movant's attorney, Morris Hatchett, on the same date. The Movant pleaded not guilty on all three charges under date of June 17, 1964. On October 19, 1964, Cause No. 801–M was called for trial. The defendant was present in person and by his attorney. The jury was selected and the trial was commenced and was concluded on October 21, 1964, with the jury finding the Movant guilty of Robbery First Degree by Means of a Dangerous and Deadly Weapon, and the Court finding the defendant guilty of three prior convictions of felonies, assessed his punishment on said date at fifteen years in the penitentiary. Thereafter, on November 25, 1964, the Movant, by leave of Court first had and obtained, waived his right to file a Motion for a New Trial and waived his right to appeal the conviction in Cause No. 801–M, and requested the Court that sentence be imposed. A memorandum to such effect was signed by the Movant and his attorney, Morris Hatchett. Thereafter, on November 25, 1964, the defendant appeared with his attorney for sentencing and the Court sentenced the defendant to twelve years in the State Penitentiary, thus reducing the jury verdict from fifteen to twelve years. The Court allowed all jail time that was accrued in said cause. Thereafter the Movant entered his plea of guilty to the charge of three prior convictions and Robbery in the First Degree by Means of a Dangerous and Deadly Weapon, in Cause No. 802–M, and the Court sentenced the Movant to twelve years in the Department of Corrections, State of Missouri, and ordered the sentence to run concurrently with the offense set forth in Cause No. 801–M, and allowed jail time thereon. Thereafter, on the same date, the Movant entered his plea of guilty to the charge of three prior convictions and Robbery in the First Degree by Means of a Dangerous and Deadly Weapon in Cause No. 803–M, and the Court sentenced the Movant to twelve years in the Department of Corrections, State of Missouri, to run concurrently with the conviction in Cause No. 801–M. The Court allowed all accrued jail time."

Levell Willie Brown stated he had set forth all his complaints in his motion except for his assertion at the hearing that the trial transcript was not in the file. (This complaint was met by the court's order for the transcript to be produced and it was ultimately filed before this proceeding was concluded.) He stated that Mr. Morris Hatchett was his trial attorney; that he had a jury trial; that his lawyer conferred with him for fifteen minutes prior to trial

and visited him at the jail; that he told Mr. Hatchett he was not present at the robbery but was in East St. Louis; that no alibi witnesses were presented and that he testified. He complained of Mr. Hatchett's failure to object to identification and fingerprint testimony at trial, and his advice to waive his motion for new trial and to plead guilty to the two remaining charges. He acknowledged that he, along with his attorney, signed the memorandum by which he waived his right to file a motion for new trial and his right to appeal. He complains that the trial and sentencing judge, the Honorable J. Casey Walsh, did not inform him of the import of the waiver, and did not instruct the jury correctly on the law. He acknowledged that Judge Walsh asked, and that he stated he understood he was to be sentenced to twelve years' imprisonment on his waiver and guilty pleas. He also acknowledged that he had been paroled in September 1970; that his parole was revoked in February, 1971, and this motion for relief followed in March, 1971. He had previously pleaded guilty to criminal charges and understood that sentences followed guilty pleas.

Judge Walsh had been a circuit judge since 1951. He had no independent recollection of sentencing Levell Willie Brown except that the case involved the holdup of a savings and loan company. He granted allocution to the defendant and sentenced him only after he failed to give a reason why he should not be sentenced. He had a custom and practice to instruct the jury on all questions of law and noted that he gave instructions covering the offense, alibi, flight, credibility, arguments of counsel, and unanimous verdict in defendant's trial. His practice with respect to guilty pleas was to advise the defendant of the importance of the plea, determine whether it was voluntary, determine his realization that the court was not bound by recommendations of the circuit attorney, determine whether he had been coerced or threatened into entering his plea, and explain the range of punishment and consequence of the plea. He also asked for a statement of the case from the circuit attorney after which he would ask the defendant if the recital of facts was true. He would not take the plea if the defendant did not agree with the fact statement.

Morris Hatchett had been a practicing lawyer, primarily in criminal cases, for twenty-one years. He disagreed with movant's testimony. He always tried a case "all the way out," and he heard nothing from the defendant about his case from time of trial to the hearing. His recollection was that defendant may have written the waiver of new trial motion. He discussed the effect of the waiver with defendant, and explained he would be sentenced. "He seemed to understand." He conferred with defendant prior to trial and there was no difficulty in communication. He objected to the instructions as a matter of course, and made specific objections to testimony at trial where indicated. He also discussed the guilty pleas with defendant. "I always consult a person before pleas of guilty. Go over the facts of the last trial. These were connected cases. These two cases grew out of an incident, it was a pretty cold case * * *. The police officers knew him before, went to school with him. Usually it's a matter of identity. I did not want it brought out in open trial." He checked the proposed alibi witnesses, "but they did not bear out his testimony at all. And they would not come over [from East St. Louis, Illinois] to testify. * * * The only reason he took the stand was because he could not get the other people to substantiate the alibi."

After viewing the trial transcript, movant stated it "doesn't so reflect the true minutes of the Court," as he remembered them. He went on to say he remembered the witnesses to have testified differently from that shown in the transcript, particularly with respect to the victims of the robbery.

Ray Brown, the court reporter in question, testified to the accuracy of his transcriptions of the trial and plea proceedings.

In denial of relief to movant, the court made the findings quoted in appellant's statement of the case. The court also made additional detailed findings and conclusions to the effect: (I) that movant was not denied his right to file a motion for new trial or his right to appeal in Cause 801–M; that he executed a waiver of such rights; that he conferred with his attorney and understood the charges against him in Causes 801–M, 802–M, and 803–M; that counsel interviewed witnesses and they would not substantiate defendant's alleged alibi; that counsel never misinformed defendant of his right to appeal; that he believed counsel's version of the attorney-client relationship between counsel and defendant; that defendant knowingly, intelligently, and voluntarily withdrew his motion for new trial and waived his right to appeal; that the trial transcript was made available to movant during the pendency of this proceeding and that it was a true, complete and correct transcription of all proceedings in Cause 801–M; that the testimony of movant in conflict with the transcript is not believable; that the transcript shows evidence sufficient to convict defendant in Cause 801–M; (II) that defendant was not denied effective assistance of counsel in Cause 801–M; that the trial transcript and the record of Morris Hatchett showed that Mr. Hatchett ably represented defendant and, in particular, that he counseled with defendant, interviewed suggested witnesses, advised defendant with respect to the dangers in taking the witness stand; that in no way could it be said that counsel entered into a conspiracy to deny defendant his right to appeal; (III) that defendant's guilty pleas in Causes 802–M and 803–M were freely and voluntarily entered; that movant's testimony to the contrary is not believable; that counsel fully advised defendant with respect to the guilty pleas and did not misinform defendant that he could withdraw his pleas any time he became dissatisfied with their consequences; that the transcript of proceedings on the guilty pleas showed that Judge Walsh used the standard of care and detail necessary to the receipt of voluntary pleas of guilty; (IV) that defendant was not denied effective assistance of counsel on his guilty pleas in Causes 802–M and 803–M for the reasons noted in (I), (II), and (III).

Appellant contends (I) that he was denied his right to appeal the conviction and therefore his constitutional rights were violated; (II) that he was denied effective assistance of counsel; and (III) that his guilty pleas were involuntary and he did not freely act.

The evidence adduced and the facts as found by the court have been stated in detail because they demonstrate that the trial court's denial of relief on any of the grounds asserted by defendant was supported in the record. Discrepancies, if any, were for the trier of the facts to resolve, and such resolution has been accompanied by findings on the relative believability of the witnesses' testimony and the formal record.

Appellant, understandably, has not undertaken by argument to persuade how any different result should flow from this record.

Accordingly, it may not be said on this record that the findings, conclusions and judgment of the trial court are "clearly erroneous." Rule 27.26(j), V.A.M.R.; Crosswhite v. State, 426 S.W.2d 67 (Mo.1968).

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.