OPINION OF THE COURT
Stanley L. Sklar, J.
The issue in this case is whether the Family Court may accept an ' Alford plea” in a PINS (person in need of supervision) proceeding. This court holds that it may.
Mrs. B. brought this proceeding under section 732 of the Family Court Act to have her 14-year-old daughter Tracey declared a PINS. Mrs. B. alleged, among other things, that Tracey used "vile and abusive language” and frequently stayed out overnight. Tracey’s attorney stated, before the start of the fact-finding hearing, that his client wished to make an Alford plea, and avoid the necessity for a hearing. He indicated that he could not, in good conscience, simply permit his client to admit any of the acts alleged in the petition, because she would incur the stigma of incorrigibility often accompanying a PINS finding. He argued that, in this case, he believed that any fault rested with the mother, and that a neglect proceeding could probably be successfully maintained against her.
The mother’s counsel argued against acceptance of an Alford plea as constituting some statement of neglect by his client.
This court accepted the Alford plea. Counsel indicated their belief that this is the first time the Family Court has accepted an Alford plea in a PINS proceeding.
A PINS proceeding is brought under section 732 of the Family Court Act, which states: "A proceeding to adjudicate a person to be in need of supervision is originated by the filing of a petition, alleging: (a) the respondent is an habitual truant or is incorrigible, ungovernable, or habitually disobedient and beyond the lawful control of his parents, guardian or lawful custodian, and specifying the acts on which the allegations are based and the time and place they allegedly occurred; (b) the respondent, if male, was under sixteen years of age and, if female, was under eighteen years of age at the time of the specified acts; and (c) the respondent requires supervision or treatment.”
As is true of most Family Court matters, two hearings are *829 held during a PINS proceeding. At the first, or fact-finding hearing, the court, sitting without a jury, determines whether the respondent has committed acts of the nature listed in section 732 of the Family Court Act. At the second, or dispositional hearing, the court determines whether the respondent should be placed in an institutional facility for a period of up to 18 months, or whether some other disposition is believed to be appropriate and in the best interests of the respondent.
Both a PINS proceeding and a juvenile delinquency proceeding are brought under article 7 of the Family Court Act, and both are quasi-criminal in nature. Both may result in deprivation of the respondent’s liberty for a period of time. (See Matter of Gault, 387 US 1.)
The Alford plea takes its name from a criminal case, North Carolina v Alford (400 US 25). The defendant, Henry Alford, was indicted for the capital offense of first degree murder. He pleaded guilty to second degree murder, although he maintained "that he was innocent. His plea to a lesser charge avoided the possibility of the death penalty. The Supreme Court held that the guilty plea was properly accepted since "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime”. (North Carolina v Alford, supra, p 37.) The court noted that there was no constitutional difference between Alford’s guilty plea and a no contest (nolo contendere) plea. Pleas in the nature of Alford pleas can be accepted in criminal cases in New York State. (People v Serrano, 15 NY2d 304, 310 [dictum]; People v Seaton, 19 NY2d 404, 407 [dictum].)
The mother’s counsel in this PINS proceeding argued that an Alford plea should not be accepted because the plea to a lesser charge by Alford avoided the possibility of the death penalty, whereas a • plea here makes no difference to the daughter, since she should receive the same disposition, tailored to her needs, whether or not she undergoes a fact-finding hearing. The argument is unpersuasive for two reasons. First, the fact-finding itself could be hurtful to the daughter. This youngster could well be emotionally upset, or scarred. by participating in a hearing in which her mother accuses her, under oath and in open court, of improper behavior and she responds with accusations of nelgect by her mother. Second, carried to its logical extreme, the argument would prohibit all *830 guilty pleas, or admissions, which have been traditionally accepted in the Family Court.
Contrary to the mother’s arguments, logic and policy considerations require the acceptance of an Alford plea.
As was stated in North Carolina v Alford (400 US 25, supra), a guilty plea can be accepted, despite a claim of innocence, if it was made voluntarily, knowingly, and understandingly (see People v Seaton, 19 NY2d 404, supra).
As to counsel’s assertion that acceptance of the plea amounts to an accusation of parental neglect, the court notes that a juvenile may base the plea on reasons other than parental neglect, including, but not limited to: a need, or desire to change from the socio-economic environment of the infant’s neighborhood, a desire to take advantage of an offer of help, the realization of a chance to break with an identifiable peer group and find a new beginning. The parent might well appreciate that a plea such as this offers an opportunity for the child to be rehabilitated without the stigma of admitted or adjudicated guilt.
Additionally, an Alford plea results in no imposition on the court. The plea, like an admission, only avoids the need for a fact-finding hearing. After either acceptance of the plea or a hearing, an investigation and report, and, where advisable, a mental health study, must be done. These reports are considered upon the dispositional hearing, when the court takes an appropriate course of action, which may include any one of the following: placing the respondent with an agency or institution at public expense, suspending judgment for up to a year, adjourning the proceeding in contemplation of dismissal, or immediately dismissing the proceeding.
The court, having decided for the foregoing reasons to accept the plea in the nature of an Alford plea made by the respondent, has set a date for the dispositional hearing.