UNITED STATES of America ex rel. David HOOVER, Petitioner,

v.

The STATE OF NEW YORK, Respondent.

No. 77 Civ. 2529 (JMC).

United States District Court, S. D. New York.

March 28, 1979.

David Blackstone, New York City (Donald E. Nawi, New York City, on brief), for petitioner.

Robert Abrams, Atty. Gen. of the State of New York, New York City (Paul E. Dahlman, Deputy Asst. Atty. Gen., New York City, of counsel), for respondent.

### MEMORANDUM DECISION

CANNELLA, District Judge:

Petition for a writ of habeas corpus is denied. 28 U.S.C. § 2254.

Pursuant to an Order of the Court, United States Magistrate Leonard Bernikow conducted an evidentiary hearing and submitted proposed findings of fact accompanied by a recommendation that the writ be granted. The Magistrate found that petitioner's state court plea of guilty to robbery in the first degree, was involuntary because petitioner was unaware of the elements of that crime.

Respondent filed objections to the Magistrate's report and asserted that the writ should be denied because petitioner waived his right to challenge the adequacy of his guilty plea by failing to raise this issue on direct appeal in the state courts. The waiver issue was not referred to the Magistrate and, accordingly, not considered by him.

## FACTS

Following his defective plea of guilty,[1] petitioner was sentenced on May 16, 1973, by the Bronx County Supreme Court, to the maximum allowable term of imprisonment for the crime of robbery in the first degree, an indeterminate term of imprisonment of eight and one-third to twenty-five years. Petitioner appealed the judgment of conviction, and counsel was appointed to represent him. In his appellate brief, petitioner raised four issues: (1) the trial court improperly denied his motion to withdraw his plea because of an alleged violation of the plea bargain; (2) the court improperly refused to adjourn the sentence; (3) the plea was invalid because petitioner was not informed that it embodied a waiver of his privilege against self-incrimination; and (4) the sentence was excessive. The judgment of conviction was affirmed, without opinion, by the Appellate Division of the New York State Supreme Court, on March 3, 1975, and leave to appeal to the New York Court of Appeals was denied.

According to the attorney who was appointed to represent petitioner on his direct appeal, the voluntariness of petitioner's plea was not raised in the appellate courts because "under existing New York law in 1974 it would have been frivolous and meaningless to argue to a New York appellate court that Mr. Hoover's plea was invalid because he was not explicitly told in court that he was pleading to a crime that included the use or possession of a weapon."[2]

On June 17, 1976, the United States Supreme Court decided the case of *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). On January 12, 1977, petitioner filed a motion, *pro se*, in the trial court, seeking to vacate his judgment of conviction on the ground that his guilty plea was defective. The trial court denied the motion, relying on a New York statute, which states, in part:

1. The New York statute, defining robbery in the first degree, states, in relevant part:

    A person is guilty of robbery in the first degree when he *forcibly steals property and* when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
    1. Causes serious physical injury to any person who is not a participant in the crime; or
    2. Is armed with a deadly weapon; or
    3. Uses or threatens the immediate use of a dangerous instrument . .

    . . . . .

    Robbery in the first degree is a class B felony. N.Y. Penal Law § 160.15 (McKinney 1975). The Magistrate found "that prior to the allocation, the indictment was not read or explained to petitioner and that he did not otherwise learn of all the elements of the crime to which he pleaded."

    The Magistrate further found that the only reference to the elements of robbery in the first

degree, during petitioner's guilty plea was the following:

    THE COURT: Let me come back to Mr. Hoover. Mr. Hoover, do you admit that on January 10, 1973, together with your co-defendants that you forcibly stole property from one _____?
    DEFENDANT HOOVER: I do.

    The Magistrate determined that possession of a deadly weapon or use of a dangerous instrument is a critical element of the crime of robbery in the first degree. On the authority of *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), and *Harned v. Henderson*, 588 F.2d 12 (2d Cir. 1978), the Magistrate concluded "that neither the court nor counsel informed petitioner of all the essential elements of the crime to which he pleaded; his guilty plea was not voluntary and hence was violative of due process."

2. Affirmation ¶ 7, at 2 (filed March 15, 1979).

[T]he court must deny a motion to vacate a judgment when:

. . . . .

(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him . . .

N.Y.Cr.Proc.Law § 440.10(2) (McKinney 1971). Petitioner was denied leave to appeal the denial of his motion to vacate the judgment.

## DISCUSSION

In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court applied a "cause and prejudice" standard in determining whether a federal habeas corpus court should review the merits of a constitutional claim that the state courts found had been waived under the state's procedural rules. In the instant case, the involuntariness of petitioner's guilty plea was not considered on his motion to vacate judgment because of his failure to raise it as an issue on direct appeal. *See* N.Y.Cr.Proc.Law § 440.10(2) (McKinney 1971); *People v. Sullivan,* 3 N.Y.2d 196, 165 N.Y.S.2d 6, 144 N.E.2d 6 (1957); *People v. Justiniano,* 29 A.D.2d 569, 286 N.Y.S.2d 302 (2d Dep't 1967). This Court therefore finds *Wainwright v. Sykes* directly applicable here.

Petitioner satisfies the "prejudice" branch of the *Sykes* test: the Magistrate found that petitioner could not be convicted of robbery in the first degree on the basis of his guilty plea. However, the "cause" of petitioner's procedural default was that, in the judgment of the attorney appointed to prosecute his appeal, a claim that petitioner was unaware of the elements of the crime at the time of his guilty plea would not have been persuasive in the state appellate courts.

In essence, petitioner urges that the Supreme Court's decision in *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), changed the law. Petitioner argues that the decisional law of New York, in 1974, did not permit a challenge to a guilty plea based upon a claim that the defendant was unaware of the elements of the crime and points to the decision of the New York Court of Appeals in *People v. Nixon,* 21 N.Y.2d 338, 287 N.Y. S.2d 659, 234 N.E.2d 687 (1967), *cert. denied sub nom. Robinson v. New York,* 393 U.S. 1067, 89 S.Ct. 721, 21 L.Ed.2d 709 (1969), where the court rejected the proposition that "a catechism is always required of a defendant who pleads guilty." *Id.,* 21 N.Y.2d at 350, 287 N.Y.S.2d at 668, 234 N.E.2d at 693. However, the court in *Nixon* also stated that: "It is not tolerable for the State to punish its members over protestations of innocence if there be doubt as to their guilt, or if they be unaware of their rights, or if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty." *Id.* at 354, 287 N.Y.S.2d at 671, 234 N.E.2d at 696. Moreover, *Nixon* itself contains language contradicting petitioner's position.[3]

---

**3.** *Nixon* was a consolidated appeal from six convictions based on guilty pleas, one of which was reversed as follows:

While defendant had counsel the record does not establish that there must have been adequate consultation between lawyer and client. At least one of the charges against defendant, that of possession of narcotic drugs, was dismissed because it turned out that there were no narcotic drugs. The remaining charges were of a highly technical character, namely, possession of narcotic instruments, burglar's tools, and a dangerous

weapon (knife). They were technical in the sense that the same instruments might or might not be covered by the penal statutes, and in each case the intent or purpose might be material. To top it off, defendant, on sentence, raised precisely such technical objections and plaintively urged that he did not know why he had pleaded guilty. He asked the court to protect his rights and appeal the case for him. He was told abruptly that he was guilty and, incorrectly, that there was no appeal. The court should have conducted an

In *People v. Serrano*, 15 N.Y.2d 304, 258 N.Y.S.2d 386, 206 N.E.2d 330 (1965), the New York Court of Appeals discussed the duties of a trial court that is confronted with an application to enter a guilty plea:

In such a case, the requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one.

In the present case, as indicated, the defendant's admissions at the time he changed his plea go far toward negating the inference that he formed a design to kill Bonilla, a necessary element of the crime of murder in the second degree. His answers, therefore, do not sustain the conviction for that crime and, this being so, the trial court erred in taking the guilty plea without, at least, making further inquiry.

. . . . .

The conclusion seems inescapable, therefore, that, in light of the defendant's statement of the circumstances surrounding the homicide, the trial judge should not, in the first instance, have accepted his plea of guilty. It was, instead, his duty to refuse the plea and order the trial continued or, more appropriately, to advise the defendant that his admissions did not necessarily establish guilt of the crime to which he was pleading and to question him further both with regard to his story of the crime and as to the possible disposition of his request to change his plea.

*Id.* at 308–10, 258 N.Y.S.2d at 388–89, 206 N.E.2d at 332–333. *Accord, People v. Beasley,* 25 N.Y.2d 483, 307 N.Y.S.2d 39, 255 N.E.2d 239 (1969); *People v. Seaton,* 19 N.Y.2d 404, 280 N.Y.S.2d 370, 227 N.E.2d 294 (1967); *People v. Crawley,* 42 A.D.2d 586, 344 N.Y.S.2d 701 (2d Dep't 1973) (per curiam); *People v. Lederhilger,* 41 A.D.2d

inquiry or permitted defendant summarily to withdraw his plea of guilty.

569, 340 N.Y.S.2d 124 (2d Dep't 1973) (per curiam); *People v. Robbins,* 37 A.D.2d 947, 326 N.Y.S.2d 373 (1st Dep't 1971) (mem.); *People v. Demerkian,* 36 A.D.2d 526, 317 N.Y.S.2d 967 (1st Dep't 1971) (per curiam); *People v. Meadows,* 35 A.D.2d 1003, 317 N.Y.S.2d 826 (2d Dep't 1970) (per curiam); *People v. Johnson,* 33 A.D.2d 573, 305 N.Y.S.2d 274 (2d Dep't 1969) (per curiam); *People v. Henriquez,* 29 A.D.2d 984, 290 N.Y.S.2d 147 (2d Dep't 1968) (per curiam); *People v. DuPont,* 28 A.D.2d 1135, 284 N.Y.S.2d 661 (2d Dep't 1967) (per curiam); *People v. Valiente,* 28 A.D.2d 983, 283 N.Y.S.2d 601 (1st Dep't 1967) (per curiam); *People v. Burton,* 28 A.D.2d 686, 280 N.Y.S.2d 690 (2d Dep't 1967) (per curiam); *People v. Steedly,* 50 Misc.2d 921, 271 N.Y.S.2d 752 (Kings County Sup.Ct.1966). It appears, from the foregoing cases, that *Serrano* was the law of New York in 1974, and, insofar as the Court can determine, remains the law of New York to this day. *See, e. g., People v. Delancy,* 408 N.Y.S.2d 824 (App.Div. 2d Dep't 1978). Petitioner's argument, that he failed to raise on direct appeal the claim he urges here because "under the law, as it then stood, the issue was not open to him," Petitioner's Memorandum of Law at 3 (filed March 15, 1979), is rejected. As to petitioner's argument that the Supreme Court changed the law in 1976, at least four of the Justices in the majority thought otherwise. *See Henderson v. Morgan,* 426 U.S. 637, 651–52, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (White, Stewart, Blackmun & Powell, JJ., concurring).

While the Court does not believe that the failure to raise the issue of the voluntariness of petitioner's plea in the state appellate courts constituted "sandbagging," *see Wainright v. Sykes,* 433 U.S. 72, 89–90, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), neither does the Court believe that "a hindsight evaluation of a 'judgment call,'" *Sincox v. United States,* 571 F.2d 876, 879 (5th Cir. 1978), is the office of the Great Writ. Petitioner was bound by his lawyer's decision not to press the adequacy of the plea on appeal:

*People v. Nixon, supra,* 21 N.Y.2d at 351, 287 N.Y.S.2d at 668, 234 N.E.2d at 694.

While all would agree that the decision whether to take an appeal from a criminal conviction is a critical one committed ultimately to the defendant himself, decisions concerning which legal issues will be urged on appeal are uniquely within the lawyer's skill and competence, and their resolution is ultimately left to his judgment.

*Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977), *cert. denied*, 435 U.S. 976, 98 S.Ct. 1625, 56 L.Ed.2d 70 (1978). *See Gates v. Henderson*, 568 F.2d 830, 843 n.6 (2d Cir. 1977) (en banc) (Oakes, Smith & Feinberg, JJ., concurring), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978); *Jiminez v. Estelle*, 557 F.2d 506, 510–11 (5th Cir. 1977). *Cf., Coco v. United States*, 569 F.2d 367, 371 (5th Cir. 1978); *United States v. Nolan*, 571 F.2d 528, 534 (10th Cir. 1978). Accordingly, petitioner has failed to establish a sufficient "cause" for the procedural default which barred consideration of the merits of his claim in the state courts and foreclosed review in this forum.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied. 28 U.S.C. § 2254.

SO ORDERED.