■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. FEDORA, Appellant.—Judgment unanimously reversed on the law and defendant remanded to Jefferson County Court for further proceedings, in accordance with the following memorandum: Defendant was convicted, upon his plea of guilty, of two counts of second degree (intentional) murder in satisfaction of an indictment also charging him with felony murder, first degree burglary, third degree grand larceny, and second degree criminal possession of stolen property. In the course of the plea colloquy, the court failed to conduct any inquiry into the facts underlying defendant's convictions, instead deferring to defense counsel's assertion that defendant would prefer not to discuss the matter in open court. It was error for the court to fail to make an inquiry into the facts underlying defendant's plea (*People v Seaton*, 19 NY2d 404, 406; *People v Zeth*, 148 AD2d 960; *see, People v Beasley*, 25 NY2d 483, 488; *People v Serrano*, 15 NY2d 304, 308). As the People concede, this was not an *Alford* plea (*North Carolina v Alford*, 400 US 25), nor does this case fall within any other exception to the rule requiring defendant to admit his guilt in his own words (*compare, People v Lopez*, 71 NY2d 662, 666; *People v Seaton, supra; and People v Serrano, supra, with People v Hall and People v Davis*, 71 NY2d 1002, 1006). (Appeal from judgment of Jefferson County Court, Aylward, J.—murder, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.

■ JOYCE A. ANDREWLAVAGE et al., Appellants, v ROBERT E. BOND, Respondent.—Order unanimously affirmed without costs for reasons stated at Supreme Court, Tillman, J. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.