Per Curiam.

Defendants appeal from a judgment of the County Court, Bangs County, convicting them of violating subdivision 6 of section 1423 of the Penal Law, in that they unlawfully and willfully did (a) read or copy, in an unauthorized manner, communications passing over a certain telephone line, and, as to defendants La Borde, (b) tap or make connection with a telephone line.
Subdivision 6 of section 1423 of the Penal Law, so far as pertinent, is ordinarily designed to protect the right of privacy of participants to a telephone conversation. (The Right to Privacy, Warren and Brandeis, 4 Harv. L. Rev., 193, 198; Rhodes v. Graham, 238 Ky. 225; cf. United States v. Polakoff, 112 F. 2d 888, 889; U. S. Code, tit. 47, § 605.)
The protection of a right of privacy may be subordinated where the circumstances disclose the existence of a paramount right and the use of a telephone line is with the permission of and subordinate to the possessor of that paramount right. Such a paramount right is possessed by the subscriber to a telephone line. When such a subscriber consents to the use of his line, by his employee or by a member of his household, or by his wife, there is a condition implied that the telephone will not be used to the detriment of the subscriber’s business, household or marital status. Or the use may be expressly made the subject of such a condition or conditions. In such situations the subscriber may determine if his line is being used to his detriment by those whom he permits to use it. To this end he may have his own line tapped or otherwise checked so that his business may not be damaged, his household relations impaired or his marital status disrupted. When a subscriber exercises this paramount right, the one using the line subject to the implied conditions stated, is using it with the presumed understanding that Ms otherwise inviolate right of privacy to that extent may be invaded. Such a view preserves the paramount right of the subscriber to determine whether or not a basis exists for discipline in his business, in his household, or for action to protect his marital status.
Such an interpretation of the statute avoids the absurdity of an accusation that one ha? committed a crime, as avainst third *45 persons using his telephone line with his permission, when he has his own line tapped to determine whether such use is being made contrary to his express or implied directions. A subscriber has an absolute right to record his own communications and to protect the use made of his own telephone. There is an express as well as an implied right to prohibit its use for messages which would damage his business interests, disrupt the family relationship, or destroy amicable social conditions. The act of one having his own wire tapped to vindicate these paramount rights is not within the scope of the statute or the objectives sought to he reached by its enactment. The statute was enacted to protect a telephone subscriber’s line from the act of another person; not to safeguard it from his own act.
Here it is undisputed that defendant Appelbaum was the subscriber of the telephone involved and that the tap was made at his direction, and to vindicate his paramount rights in respect of his marital status.
A new trial would be required, in any event, in the light of errors committed in instructing the jury, including the following: The provisions of section 12 of article I of the State Constitution and section 813-a of the Code of Criminal Procedure were presented to the jury for its consideration and the jury was instructed, in effect, that defendants had violated these provisions. They relate solely to the sovereign authority and its agencies and not to individuals, and should not have been submitted to the jury for consideration. (Burdeau v. McDowell, 256 U. S. 465, 475; Olmstead v. United States, 277 U. S. 438, 463; Bacon v. United States, 97 F. 35, 40.) The proof with respect to the contractual provision between subscriber and telephone company as to attachments was irrelevant and the instruction that its breach constituted unlawfulness within the pertinent penal provision was erroneous. The telephone company, by approval or disapproval of attachments, could neither legalize nor make criminal the acts of defendants.
The judgment of conviction should be reversed on the law, the indictment, dismissed, bail exonerated, and the defendants discharged.
Adel and Wenzel, JJ.
(dissenting in part). The penal provision is designed to protect the right of privacy of participants to a telephone conversation as well as the property rights of the telephone company, the owner of the apparatus and lines. The offense is committed if the act of “ unlawfully ” tapping or copying is knowingly done, irrespective of intention to com *46 mit the crime. (People v. Harrison, 238 N. Y. 348, 351; People v. Marcus, 261 N. Y. 268.) The nature of the messages is immaterial. It is for the jury to determine, on all the material proof, whether the intrusion constitutes the crime.
In each case: Nolan, P. J., Carswell and Johnston, JJ., concur in Per Curiam opinion; Adel and Wenzel, JJ., vote to reverse the judgment of conviction for errors committed in instructing the jury, but dissent from the determination insofar as it dismisses the indictment and vote to direct a new trial, with memorandum.
In first case: Judgment of conviction of the County Court, Kings County, reversed on the law, the indictment dismissed and the defendant discharged.
In second and third cases: Judgment of conviction of the County Court, Kings County, reversed on the law, the indictment dismissed, bail exonerated, and the defendant discharged.