THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACOB WISSENFELD, Appellant.— Defendant appeals from a judgment of the County Court, Westchester County, entered upon a plea of guilty to burglary in the third degree and upon a verdict of a jury finding him to be the person named in a superseding information who had been convicted of three prior felonies, and imposing sentence as a fourth offender to a term of from 20 years to life in a State prison. Defendant also appeals from informal orders denying his motion to vacate his conviction of the crime of burglary in the third degree and his motion in arrest of the said judgment of conviction. He further appeals from two formal orders dated December 6, 1954, and February 11, 1955, denying his applications in the nature of writs of error *coram nobis* on the ground that his plea of guilty to the charge of burglary in the third degree was obtained under promises that a sentence of no more than six years would be imposed. Appellant contends (1) that the District Attorney was not authorized to file a superseding information alleging three prior felony convictions, after he had previously filed an information alleging two prior convictions that in any event two of the three crimes do not constitute felonies in this State, and that one of said two convictions has been ruled out by the law of the case; (2) that his plea of guilty should be withdrawn because it had been induced by promises of a lighter sentence than was actually imposed, and (3) that the proof before the jury was insufficient to permit a finding that he had committed the three prior felonies alleged in the superseding information, and that such trial was unfair. Judgment, and orders dated December 6, 1954, and February 11, 1955, affirmed. No opinion. No separate appeal lies from the intermediate orders, including the order denying the motion in arrest of judgment, which have been reviewed on the appeal from the judgment of conviction. Wenzel, Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., concurs in the affirmance of the orders dated December 6, 1954, and February 11, 1955, but dissents from the affirmance of the judgment, and votes to reverse the judgment and to remit the action to the County Court for the imposition of a proper sentence on appellant, with the following memorandum: Appellant has been convicted of the crime of burglary in the third degree, and sentenced as a fourth offender. Two of the alleged prior convictions were in the State of California. One, for assault with intent to commit robbery, in 1948, resulted in a sentence to San Quentin prison. The authenticated record of the California Superior Court discloses that its judgment was as follows: "It is therefore ordered, adjudged and decreed that the said Defendant Jack Wissenfeld, be punished by imprisonment in the State Prison at San Quentin, California, for the term prescribed by law. Thereupon the Court suspended said sentence on condition that said Defendant be confined in the County Jail of the City and County of San Francisco, State of California, for the term of one (1) year." It is appellant's contention that this record does not furnish proof that he was convicted of the crime of assault with intent

to commit robbery, within the meaning of section 1942 of the Penal Law. (Cf. *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249.) I am in accord with the majority view that there is no merit to this contention. Although in California the court may suspend the imposition of sentence, in which case no judgment of conviction is rendered (*Matter of Reilly,* 17 Cal. 2d 55), language similar to that employed in the judgment under consideration has been construed in that State as an attempt to suspend the execution of the sentence imposed (*People* v. *Mendosa,* 178 Cal. 509; *People* v. *Cravens,* 115 Cal. App. 2d 201). Under the laws of California, a court has no power to suspend the execution of a sentence, otherwise than by granting probation. (California Penal Code, §1203; *People* v. *Cravens,* supra.) Consequently the attempted suspension in the instant case was void. The sentence imposed remained valid, however (*People* v. *Cravens,* supra; *People* v. *Harvey,* 137 Cal. App. 22; *People* v. *Mendosa,* supra), and the record of the judgment sufficiently established a prior conviction of a crime, under the laws of California, which if committed in this State would be felonious (Penal Law, § 1942). The other alleged prior conviction under attack was in 1950, for a violation of section 13 of "The Dangerous Weapons' Control Law" of the State of California. That statute, insofar as it is pertinent, provides that: "No person shall change, alter, remove or obliterate *the name of the maker, model,* manufacturer's number, or other mark of identification \* \* \* on any pistol or revolver". (Emphasis supplied.) Appellant was convicted of a violation of this statute on an information which accused him of feloniously removing and obliterating "the manufacturer's number *and other marks of identification*" upon a revolver. (Emphasis supplied.) He now contends that this conviction was not of a crime which would be felonious if committed in this State, and that it may not be counted as a prior conviction under section 1942 of the Penal Law. This contention has merit and, in my opinion, should be sustained. The California statute relates to acts which are *mala prohibita.* To sustain an indictment under such a statute it is sufficient to prove an intentional act which has accomplished that which is prohibited. Such an act is not excused by ignorance or mistake of fact. (Cf. *People* v. *Werner,* 174 N. Y. 132.) The New York statute (Penal Law, § 1897-b) provides that: "A person who: 1. *Willfully* removes, defaces, covers, alters or destroys the manufacturer's serial number or *any other distinguishing number or identification mark* on any pistol, revolver \* \* \* is guilty of a felony." (Emphasis supplied.) The use of the word "willfully" as part of the statutory definition of the crime clearly indicates the distinction between the New York and the California statutes. Under the New York statute, it is not enough for the People to show that a prohibited result has been accomplished. It is necessary for them to go further and to prove that the result was accomplished knowingly and intentionally (*People* v. *Marrin,* 205 N. Y. 275, 279–280; *People* v. *Harrison,* 238 N. Y. 348, 351–353). Moreover, the California statute prohibits the alteration or obliteration of the name of the maker or model on a pistol or revolver, as well as that of other specified numbers or marks of identification. The New York statute mentions only the manufacturer's serial number or "any other distinguishing number or identification mark". Under both the California statute and the information against him (cf. *People* v. *Olah,* 300 N. Y. 96), appellant could have been convicted of removing or obliterating the name of the maker or the model of the revolver. It is doubtful that such an alteration is prohibited by the New York statute. It would appear, therefore, that the crime defined by the California statute is not identical with that defined by section 1897-b of our Penal Law, and that appellant's conviction of the violation of the California Dangerous Weapons' Control Law was not necessarily of a crime which would

be felonious, if committed in this State. The judgment should be reversed (*People* v. *Olah, supra*), and appellant should be returned to the County Court for resentence as a *third offender* (*People* v. *Shaw,* 1 N Y 2d 30).