■ In the Matter of KIM F., a Person Alleged to be a Juvenile Delinquent, Appellant. — Final order of disposition of the Family Court, New York County (Elrich A. Eastman, J., at dispositional hearing; William K. Nelson, J., Rockland County, at fact-finding hearing), entered July 12, 1984, adjudicating appellant a juvenile delinquent after a fact-finding determination that she committed an act which, if committed by an adult, would constitute arson in the second degree (Penal Law § 150.15) and criminal mischief in the fourth degree (Penal Law § 145.00), and placing her with a Division for Youth Title III facility for 18 months, reversed, on the law and the facts, the plea of guilty vacated and the proceeding remanded to the Rockland County Family Court for further proceedings, without costs.

By petition filed in Family Court, Rockland County, 15-year-old Kim F. was charged with arson in the second degree and criminal mischief in the fourth degree, in that on June 4, 1984 at 11:00 A.M. at Rockland County Community Mental Health Center she did "intentionally start a fire by using a cigarette lighter to light bed sheets, clothing and papers within a hospital room while there were approximately sixty (60) persons in the hospital unit who were not participants in the fire-setting. The fire caused damages to the building and other property owned by the County of Rockland, and at no time was respondent given permission to destroy said property, all of the above acts performed in concert with Adrienne Binn."

At the time of the occurrence, Kim F. was a resident of Lakeside School, Spring Valley, New York, on a voluntary placement.

The names and addresses of her parents appeared upon the petition.

On June 7, 1984, when she appeared before the Judge in Rockland County Family Court, there were present only her court-appointed attorney and a social worker from Lakeside School. The attorney requested to be relieved due to a possible conflict of interest arising out of his representation of Adrienne Binn, the other young woman alleged to have acted in concert with Kim F. The court requested counsel to remain on the case for the arraignment. Counsel waived a reading of the petition and entered a plea of not guilty after the prosecutor announced that she was ready for a probable cause hearing, but could also be ready in three days. A recess was directed.

Following the recess, another attorney was designated as Kim F.'s Law Guardian. That attorney immediately entered an "admission to the petition for the purpose of moving the disposition of this case to New York County." After a colloquy the attorney asked Kim F. if the two of them had had an opportunity to talk "about changing your plea from a denial to an admission" and if she understood the "meaning of changing to an admission". When she answered "Yeah", she also indicated she had not been forced to admit the charge. The attorney then asked, "Is it true that on June 4, 1984, at about eleven o'clock at the Rockland County Mental Health Center that you started a fire?" She answered, "Yes." The attorney then asked whether she understood she was "giving up the right to a trial * * * A hearing", and whether she understood that she would be sent to the Spofford Facility in The Bronx. She answered affirmatively to both questions.

When it was suggested that the social worker address the court, the Judge refused to hear from her. The Judge then asked a series of questions:

"COURT: Kim, do you understand everything that Mr. Abel said to you?

"KIM F: Yes.

"COURT: Do you have any question whatsoever concerning what he has stated on your behalf?

"KIM F: No, I have no questions.

"COURT: And you understood all of his questions?

"KIM F: Yes."

The court went on: "So just to summarize what you have done today, is admit all of the allegations in the petition, it is the same as thoguh [sic] you had gone to trial and witnesses testified against you, and I had found you guilty, it has the same effect. So by admitting these allegations you are now subjecting yourself to a disposition; in other words, something like a sentence in a criminal case; do you understand that?"

The Judge then stated he would sign an order transferring the case to the Family Court, New York County, and adjudicate Kim F. a juvenile delinquent in view of her "admission having committed the designated felony * * * Arson in the Second Degree."

The court also signed an order remanding Kim F. to Spofford Center pending a dispositional hearing. At the dispositional hearing in New York County, the adjudication of juvenile delinquency was entered, along with the placement in a Title III facility.

As the Corporation Counsel commendably concedes, the plea of guilty must be vacated because (1) it was accepted without a showing that "reasonable and substantial effort" had been made to notify the parents of Kim F. to appear in court, as required by Family Court Act § 341.2 (3) (*Matter of Myacutta A.,* 75 AD2d 774); (2) the court failed to inform her of the right to remain silent and the right to counsel at a probable cause hearing and to confront and cross-examine witnesses, pursuant to Family Court Act §§ 320.3, 307.4 (*Matter of John R.,* 71 AD2d 896); (3) the purported recitation of the facts did not contain a requisite element of the crimes charged, in that there was no statement or admission that she "intentionally" damaged property, a required element of both crimes (Penal Law §§ 145.00, 150.15).

It is plain that no real effort was made to insure that Kim F., a minor aged 15, understood the consequences of her waiver and

plea, and her admission that she had committed an act which constituted a crime and would thus furnish a basis for the plea (*Boykin v Alabama,* 395 US 238, 244; *In re Gault,* 387 US 1; *People v Gina M.M.,* 40 NY2d 595, 597). She was advised neither that she would be entitled to testify and call witnesses on her own behalf nor that the prosecution had the burden of proving her guilt beyond a reasonable doubt. Nor was she advised of possible defenses she might raise or of the possible dispositional orders. These rights must be understood and waived by a parent as well as a child before a guilty plea may be accepted (*Matter of Lawrence S.,* 29 NY2d 206; *Matter of John R., supra*).

The record does not establish, as required, that Kim F. voluntarily waived her rights to counsel of her own choice and to a trial with confrontation and cross-examination of witnesses. Concur — Bloom, Fein and Milonas, JJ.; Sandler, J. P., concurs in the result only.