OPINION OF THE COURT
Robert L. Cohen, J.
The defendant, a physician, was arraigned before me on September 15, 1983 and pleaded guilty to a one-count Criminal Court misdemeanor complaint which charged her with having violated Public Health Law § 12-b (2).[1] Pursuant to a plea bargain agreement, the defendant was sentenced to pay a fine of $2,000 or in lieu of payment to serve three months in jail. The fine was immediately paid.
Approximately one year later, the defendant filed a motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that the plea allocution was legally deficient.
The People argue that the motion is untimely and, additionally, should be denied on the merits.
*845 The complaint[2] charged defendant with a “Wilful Violation of Health Laws in Violation of Public Health Law Section 12-b (2) One Count.” The factual allegations alleged that defendant, “a physician registered as a provider under the New York State Plan for Medical Assistance to the Needy (Medicaid), leased space for the practice of medicine at West Bronx Medical Dental Offices, a shared health facility located at 1713 University Avenue, Bronx, New York, the rental fee for which was calculated and paid as a percentage of the defendant’s earnings for services rendered on the premises. Pursuant thereto, the defendant made a payment of $2,000 on the date specified above (January 22, 1982), knowing the same to be in violation of subdivision 1 of Section 4708 of the Public Health Law and 10 N.Y.C.R.R. 83.12 (a).”[3]
During the plea allocution, the defendant admitted renting space for the practice of medicine at a shared health facility and that she agreed to pay rent to the operator of the facility based upon a percentage of her Medicaid earnings for services rendered at that facility. The defendant also admitted making a payment on January 22, 1982, as alleged in the complaint, pursuant to that agreement.
Before sentence was imposed, defense counsel stated that “Dr. Angelakos has been practicing medicine in this particular country since 1980. The crime that she is charged with is really unrelated to the practice of medicine and patient care, is basically a crime which she had no particular knowledge of. She was not aware of the existence of the statute prior to the time that she was summoned by the Attorney General’s office to discuss this matter with them * * * She is being charged with one count of what amounts to fee splitting with an owner of a medical care facility. She was unaware of the fact that would constitute fee splitting or she was doing anything improper” (emphasis added).
*846 I then asked Dr. Angelakos if she wished to say anything before I imposed sentence. In response she stated: “I agree with my lawyer. I wasn’t aware that was illegal, splitting the fee with the manager of the place.” (Emphasis added.)
Based upon the above-noted on-the-record statements of counsel and defendant, I believe it was error to have imposed judgment convicting defendant of “wilfully” violating Public Health Law § 4708 (1) and 10 NYCRR 83.12 (a), in the absence of further inquiry by the court advising the defendant that her admissions “might very well not amount to the crime to which” she pleaded guilty and inquiring further whether she “nevertheless, wished to plead guilty” (People v Serrano, 15 NY2d 304, 308; see also, People v Nixon, 21 NY2d 338;[4] People v Selikoff, 35 NY2d 227; People v Francis, 38 NY2d 150; Matter of Kim F., 109 AD2d 706 [1st Dept 1985]; People v Sobczak, 105 AD2d 1053 [4th Dept 1984]; People v Steedly, 50 Misc 2d 921; McCarthy v United States, 394 US 459; North Carolina v Alford, 400 US 25; Henderson v Morgan, 426 US 637; cf. People v Harris, 61 NY2d 9).
Although a “uniform mandatory catechism of pleading defendants” is not required (People v Nixon, 21 NY2d 338, 353, supra; People v Harris, 61 NY2d 9, 16-17, supra), a plea of guilty must be knowingly, voluntarily and intelligently entered before a valid judgment based upon the plea is imposed. {Boykin v Alabama, 395 US 238.)
In Boykin {supra, p 242) the court stated: “A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment [citations omitted]”. Thus, as a general rule before judgment is imposed upon a guilty plea, the defendant’s factual admissions to the court should establish beyond a reasonable doubt each element of the crime which is being admitted (People v Serrano, 15 NY2d 304, 308, supra; People v Reyes, 92 AD2d 776; People v Riley, 91 AD2d 671; People v Royster, 91 AD2d 1074-1075; People v Lee, 90 AD2d 960; Matter of Kim F., 109 AD2d 706, supra; cf. McCarthy v United States, 394 US 459, 466, supra; Henderson v Morgan, 426 US 637, 642-643, 645, n 13, supra), just as a conviction by verdict must be based “upon trial evidence which is legally sufficient and which establishes beyond a reasonable doubt every element of such offense and the defendant’s commission thereof.” (CPL 70.20.)
Under appropriate circumstances, however, a court may accept a guilty plea from a defendant who asserts innocence but *847 wishes nevertheless to plead guilty to avoid a more severe judgment based upon a rational assessment of the evidence against him. In such a case, there is no constitutional bar to imposing judgment provided the plea is entered voluntarily, knowingly and understandingly. (North Carolina v Alford, 400 US 25, 37, supra; People v Serrano, 15 NY2d 304, 309-310, supra.)
Similarly, a plea bargain agreement either to a hypothetical or lesser crime will ordinarily make unnecessary a factual basis for the crime confessed (see, People v Foster, 19 NY2d 150; People v Clairborne, 29 NY2d 950; cf. People v Griffin, 7 NY2d 511; People v Serrano, supra; Henderson v Morgan, 426 US 637, supra).
At bar, Dr. Angelakos pleaded guilty to the one and only count contained in the misdemeanor complaint, and her guilty plea was neither hypothetical nor to a lesser included offense to any other offense charged in this criminal action.[5]
Although the guilty plea entered by defendant at her arraignment was undoubtedly the result of a plea bargain agreement, the court still had a constitutional duty to determine that it was truly voluntary, knowingly and understandingly entered (see, McCarthy v United States, 394 US 459, 465, supra), and that her guilty plea convicting her (see, CPL 1.20 [13]) of the one count charged in the accusatory instrument had a proper factual basis. By informing the court that she was unaware that her rental arrangement with the operator of the shared health facility was in violation of the law, the court was on notice that defendant possibly lacked the required culpable mental state, that she “wilfully” violated the law, and cast a reasonable doubt upon one of the essential elements required to sustain a conviction for the crime to which she pleaded. (See, People v Serrano, 15 NY2d 304, 307-308, supra.) In the absence of further inquiry by the court apprising the defendant that lack of knowledge of the illegality of her rental arrangement might negate the element of willfulness, the plea should not have been accepted as a valid one (People v Serrano, 15 NY2d, at p 308; see also, People v Reyes, 92 AD2d 776, supra; People v Riley, 91 AD2d 671, supra; People v Royster, 91 AD2d 1074-1075, supra; People v Lee, 90 AD2d 960, supra; Matter of Kim F., 109 AD2d 706, supra).
The prosecutor argues that ignorance of the law is no defense and that willfully merely means the doing of an act deliberately *848 and voluntarily, citing People v Flushing Hosp. & Med. Center (122 Misc 2d 260) and People v Broady (5 NY2d 500).
In Flushing (122 Misc 2d 260, supra) a corporate defendant was involved as well as a different underlying statute (Public Health Law § 2805-b [2]). Section 2805-b (2) prohibits a public hospital’s denial of emergency treatment, “for any reason whatsoever”, to a person in need of such treatment. (122 Misc 2d, at p 263.)
In Broady (5 NY2d 500, supra) the defendant was convicted of wiretapping in violation of former Penal Law § 1423 (6). The court distinguished the phrase “unlawfully and willfully” contained in subdivision (6) from the other subdivisions of section 1423 which used the phrase “wilfully and maliciously”, stating “it is fair to assume that the Legislature indicated that the word ‘wilfully’, as used in subdivision 6, meant deliberately, as opposed to maliciously or viciously.” (Supra, at p 506), “that the prohibition against wire tapping * * * was primarily designed to protect the privacy of telephone conversations * * * the word ‘wilfully’, carried over from subdivision 6 of section 1423 into the new statutory section forbidding ‘eavesdropping’, would logically refer to an act consciously and deliberately done and would not include the element of malice. The invasion of privacy implicit in wire tapping is the same, whatever the motives of the unauthorized tapper may be.” (People v Broady, 5 NY2d, at p 507.)
I believe that both Flushing (supra) and Broady (supra) are distinguishable from the case at bar. The defendant herein leased space on a part-time basis at a shared health facility and paid the operator of that facility rent based upon a percentage of her Medicaid billings. Public Health Law § 12-b is entitled “Wilful violation of health laws”. Subdivision (2) reads “A person who wilfully violates any provision of this chapter * * * is punishable by imprisonment not exceeding one year, or by a fine not exceeding two thousand dollars or by both.” In my opinion, the word “wilfully” in Public Health Law § 12-b (2) requires proof of a culpable mental state (see, Penal Law § 15.05 [1], [2]), i.e., an awareness by Dr. Angelakos that her arrangement was illegal. (See, People v Clark, 242 NY 313, 328-329; People v Harrison, 238 NY 348; People v Weiss, 276 NY 384; People ex rel. Maher v Potter, 112 NYS 298; United States v Murdock, 290 US 389; Screws v United States, 325 US 91; United States v Bishop, 412 US 346; United States v Pomponio, 429 US 10.)
In People v Clark (242 NY 313, supra), the defendant was prosecuted for taking an unauthorized payment beyond his *849 salary as Corporation Counsel of the City of Long Beach. The defendant contended that he received the payment in question under the honest belief that he was legally entitled to ask for and receive it. The trial court refused to charge that “ ‘if the defendant received the sum of $1,000 from Mr. Cass and the defendant believed that he had a right to receive the same and did receive it without wrongful * * * intent, the defendant cannot be convicted.’ ” (Supra, at p 324.) In reversing, the Court of Appeals stated: “There can be no intent to do the prohibited act unless the defendant knows that he is asking or receiving reward which is illegal * * * It [the jury] has been instructed that they may convict even though the defendant received the money believing that he had a right to receive the same. In construing this statute the rule that ignorance of the law does not excuse should not be stretched into a conclusive presumption of knowledge of the law in order to supply the element of criminal intent to do the prohibited act.” (People v Clark, 242 NY, at p 328; emphasis added.)
The defendant’s affidavit states that she informed the prosecutor at the latter’s office prior to the commencement of this criminal action that she had “no knowledge of the existence of any such prohibition during the life of that terminated leasing arrangement”. Defense counsel’s affidavit states that immediately prior to arraignment the prosecutor told him, “the plea would be to wilful violation of the Public Health Law and I told him that my client had no intention of entering any such plea. He then acceded and we went into court.”
Significantly, the above-noted sworn allegations by defendant and counsel have not been contradicted by the prosecutor. Moreover, the plea and sentence proceeding bear out their assertions and put the court on notice that defendant was not aware of any alleged illegality in her lease arrangement.
As earlier noted, the standard for determining the legal sufficiency of a conviction based upon a plea of guilty (see, CPL 1.20 [13]), with certain exceptions is no less rigorous than the standard for determining guilt by verdict after trial, i.e., that guilt must be established beyond a reasonable doubt as to every element of the offense and the defendant’s commission thereof (CPL 70.20).
In sum, the plea allocution at bar was legally deficient inasmuch as the defendant’s admissions did not establish her guilt to the crime confessed beyond a reasonable doubt. Under the particular facts and circumstances herein, the court finds the defendant’s failure to appeal from the judgment of conviction, *850 although the error appears on the face of the record excusable. (CPL 440.10 [2] [c].)
Accordingly, the defendant’s motion to vacate the judgment entered on September 15, 1983 is, in all respects, granted, the fine is remitted, and the defendant is directed to appear and plead anew on April 30, 1985.
This opinion constitutes the decision and order of the court.

. Public Health Law § 12-b is entitled “Wilful violation of health laws”. Subdivision (2) reads: “A person who wilfully violates any provision of this chapter, or any regulation lawfully made or established by any public officer or board under authority of this chapter, the punishment for violating which is not otherwise prescribed by this chapter or any other law, is punishable by imprisonment not exceeding one year, or by a fine not exceeding two thousand dollars or by both.”

. At the time defendant pleaded guilty, she waived prosecution by information (see, CPL 170.65 [3]).

. Public Health Law § 4708 (1) reads: “With regard to shared health facilities: 1. The rental fee for letting of space to providers in a shared health facility shall not be calculated wholly or partially, directly or indirectly, as a percentage of earnings or billings of the provider for services rendered on the premises in which the shared health facility is located. The operator of each facility shall file a copy of each lease and any renewal thereof with the department”.
10 NYCRR 83.12 (a) reads: “Prohibited practices — additional requirements. (a) The fee for letting of space, provision of services by supporting staff and employees, use or control of equipment or for other considerations necessary for the provision of medical care and services shall not be calculated or paid as a percentage of the earnings or billings of the providers or purveyors for services rendered on the facility premises.”

. Cert denied sub nom. Robinson v New York, 393 US 1067.

. At the time of the plea, the Special Assistant Attorney-General indicated that defendant’s plea would cover other crimes arising out of her rental arrangement “at the West Bronx Medical and Dental Center, Jerome Health Center, or the Family Medical, Dental Health Care Services Center”.