(October 31, 1985)

■ In the Matter of TIMOTHY B., Appellant.—Final order of disposition of the Family Court, Bronx County (Rita G. Bolstad, J., at dispositional hearing; Bernard E. Stanger, J. [Rockland County], at fact-finding hearing), entered August 23, 1984, which, after a fact-finding hearing in Rockland County (transferred to the Family Court, Bronx County) adjudicated appellant a person in need of supervision upon the determination that he had committed an act which, if done by an adult, would constitute robbery in the third degree and placed him with the Commissioner of Social Services for 12 months, is

unanimously reversed, on the law, the plea of guilty vacated, and the matter remanded to Rockland County Family Court for further proceedings, without costs.

On February 14, 1984, a delinquency petition was filed against appellant in the Family Court of Rockland County, alleging acts constituting the crime of robbery in the third degree (Penal Law § 160.05). Appellant was brought to court that same day and a Law Guardian appointed for him. He was unaccompanied by any parent, and no inquiries were made as to his parents' whereabouts or even as to whether they were notified to appear. Nevertheless, the court proceeded to conduct a fact-finding hearing and on that day accepted appellant's plea of guilty to robbery in the third degree. Although appellant was informed of some of the rights he was waiving by pleading guilty, the court failed to advise appellant of the prosecution's burden and of appellant's rights to remain silent and to have counsel.

As the Corporation Counsel candidly concedes, this plea must be vacated due to the court's failure to fully advise appellant of his constitutional and statutory rights pursuant to Family Court Act § 320.3. We also note that the court failed to comply with Family Court Act § 341.2 (3) which mandates that a court not proceed with any hearing in the absence of the juvenile's parent unless a "reasonable and substantial" effort has been made to notify the parent. No such effort was made here, thereby requiring reversal of the disposition, vacatur of the plea and a remand to Rockland County for further proceedings consistent with this memorandum. *(See, Matter of Kim F.,* 109 AD2d 706, 708.) Concur—Murphy, P. J., Kupferman, Ross, Carro and Lynch, JJ.