■ In the Matter of SALVATORE B., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Gallet, J.), dated June 4, 1985, which, upon a fact-finding order of the Family Court, Nassau County (Capilli, J.), dated April 18, 1985, made after an admission that the appellant had committed acts which, if committed by an adult, would have constituted the crime of petit larceny (two counts), and placed him on probation for one year. The appeal brings up for review the fact-finding order dated April 18, 1985.

Ordered that the order dated June 4, 1985, is reversed, as a matter of discretion in the interest of justice, without costs or disbursements, the fact-finding determination is vacated, and the petition is dismissed.

The Corporation Counsel concedes that the fact-finding Judge did not advise the appellant and his parents of the appellant's relevant constitutional and statutory rights or the consequences flowing from a waiver of those rights *(see, Boy-*

*kin v Alabama,* 395 US 238; *People v Gina M. M.,* 40 NY2d 595; *Matter of Lawrence S.,* 29 NY2d 206; *Matter of John R.,* 71 AD2d 896; *Matter of Steven W.,* 75 AD2d 756; *Matter of Kim F.,* 109 AD2d 706; *Matter of Yolanda C.,* 118 AD2d 778; Family Ct Act §§ 320.3, 321.3). Under these circumstances, the dispositional order appealed from must be reversed, and the fact-finding determination vacated. Moreover, since the one-year probation period imposed upon the appellant has expired, it is unnecessary to remit the proceeding to the Family Court for a new fact-finding hearing. Instead the petition should be dismissed *(see, Matter of Yolanda C., supra).* Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.