■ In the Matter of KENNY A., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the disposition of the Family Court, Queens County (Thorpe, J.), dated September 10, 1985, which, upon a fact-finding order dated April 22, 1985, made upon an admission that the appellant had committed acts which, if done by an adult, would have constituted the crimes of petit larceny and criminal possession of stolen property in the third degree, adjudicated the appellant a juvenile delinquent and placed him on probation for 18 months. The appeal brings up for review the fact-finding order dated April 22, 1985.

Ordered that the order dated September 10, 1985 is reversed, as a matter of discretion in the interest of justice, the fact-finding order dated April 22, 1985 is vacated, and the proceeding is remitted to the Family Court, Nassau County (see, Family Ct Act § 302.3), for further proceedings consistent herewith.

The Corporation Counsel concedes that the Judge who accepted the appellant's admission did not advise him and his parents of his relevant constitutional and statutory rights or the consequences flowing from a waiver of those rights (see, Boykin v Alabama, 395 US 238; People v Gina M. M., 40 NY2d 595; Matter of Lawrence S., 29 NY2d 206; Matter of John R., 71 AD2d 896; Matter of Steven W., 75 AD2d 756; Matter of Kim F., 109 AD2d 706; Family Ct Act §§ 320.3, 321.3). Under these circumstances, the dispositional order appealed from must be reversed and the proceedings remitted to the Family Court, Nassau County (Family Ct Act § 302.3), for further proceedings. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.