■ In the Matter of WAYNE D., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Cozier, J.), entered June 11, 1987, which, upon a fact-finding order of the same court, dated August 25, 1986 (Mosca, J.), made upon the appellant's plea of guilty, finding that the appellant had committed acts which, if done by an adult, would have constituted the crime of trespass in the third degree, placed him in the custody of the New York State Division for Youth for placement in a Title II facility for a period of one year. The appeal brings up for review the fact-finding order, dated August 25, 1986.

Ordered that the order of disposition is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

As the Corporation Counsel concedes, the guilty plea allocution conducted at the fact-finding hearing on which the challenged order was based was inadequate inasmuch as the Family Court failed to comprehensively apprise the appellant of the various constitutional and statutory rights waived by the admission of guilt (see, People v Gina M. M., 40 NY2d 595; Matter of Corey L., 140 AD2d 609; Matter of Kenny A., 125 AD2d 464). Reversal is therefore mandated.

Moreover, since the appellant's placement period has terminated, we see no benefit to be gained by remittitur for a new fact-finding determination. Accordingly, the petition is dismissed (see, Matter of Patrick R., 131 AD2d 678, 679; Matter of Rodney R., 119 AD2d 677, 678; Matter of Yolanda C., 118 AD2d 778). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.