■ In the Matter of MARKEY WALKER, a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, Bronx County (Rhoda Cohen, J.), entered March 21, 1988, which adjudicated appellant a juvenile delinquent based on a fact-finding determination entered February 22, 1988, and placed him in custody of the New York State Division for Youth, unanimously reversed, on the law, the fact-finding determination vacated, and the matter remanded for further proceedings, without costs.

Appellant contends, and respondent concedes, that the adjudication of appellant as a juvenile delinquent is constitutionally infirm and must be reversed. The fact-finding determination, based upon appellant's admission of the allegations in the second count of the petition, must be vacated because the Family Court Judge did not adequately apprise appellant or his mother, who was present at the hearing, of the rights which he was waiving and the consequences thereof (Family Court Act §§ 320.3, 321.3 [1]; Boykin v Alabama, 395 US 238 [1969]; Matter of Lawrence S., 29 NY2d 206 [1971]; Matter of Tracy B., 80 AD2d 792 [1st Dept 1981]; Matter of Steven W., 75 AD2d 756 [1st Dept 1980]). Although appellant was told that he was forfeiting his right to trial, he was not specifically advised of his right to remain silent or to testify if he chose, to call witnesses in his own behalf, to confront witnesses against him and to have the agency prove his guilt beyond a reasonable doubt. (Matter of Kim F., 109 AD2d 706, 708-709 [1st Dept 1985] [waiver of juvenile's right to trial held invalid because of the court's failure to inform her of the specific rights which attach to trial].) The order must therefore be reversed and the matter remanded for a new fact-finding hearing (Matter of Steven W., supra; Matter of Myacutta A., 75 AD2d 774 [1st Dept 1980]). Concur—Carro, J. P., Asch, Milonas and Rosenberger, JJ.