■ In the Matter of EFRAIN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [643 NYS2d 998]

As conceded by the presentment agency, respondent's allocution was inadequate because the court failed to inform him or his mother of all possible dispositional consequences of his plea and to ascertain that they understood those consequences (Family Ct Act § 321.3 [1]), and the matter therefore should be remanded for a new fact-finding hearing (*Matter of Walker*, 144 AD2d 306).

We note, however, that the court properly denied respondent's suppression motion without a hearing (*see, People v Mendoza*, 82 NY2d 415). The court properly found that respondent lacked standing to challenge the police officer's retrieval of the glassines of heroin from underneath the garbage bag, since respondent had no objectively reasonable expectation of privacy in that public space (*People v Ramirez-Portoreal*, 88 NY2d 99). Moreover, under the facts conceded by respondent in his moving papers, probable cause existed to arrest respondent, since it was reasonable under the evidence presented for the court to draw the inference that the officer who observed respondent selling heroin communicated those observations to the arresting officers (*supra*). Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarelli, JJ.