Matter of Jayson C. (2021 NY Slip Op 06794)





Matter of Jayson C.


2021 NY Slip Op 06794


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Docket No. D-00235-21 Appeal No. 14795 Case No. 2021-01329 

[*1]In the Matter of Jayson C., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment agency


Janet E. Sabel, The Legal Aid Society, New York (John A. Newbery of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Deborah E. Wassel of counsel), for presentment agency.



Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about March 15, 2021, which, to the extent appealed from, declined to direct the presentment agency to provide appellant with disclosure required under CPL 245.20(1)(k)(iv), unanimously reversed, on the law, without costs, and the motion granted.
In this appeal we are asked to determine whether the Family Court denied appellant equal protection of the laws by concluding that the Family Court Act precluded application of CPL 245.20(1)(k)(iv)'s disclosure provisions regarding impeachment evidence. We find that the Family Court did deny appellant equal protection of the laws.
Appellant Jayson C. was arrested and charged with two counts of criminal possession of a weapon in the second degree and lesser offenses based on his alleged possession of a loaded pistol. The presentment agency named fourteen police officers who were involved in appellant's arrest and investigation and stated its intention to introduce identification testimony from four of those officers. It also stated its intent to introduce the weapon and related evidence which had been recovered by the officers, at a suppression hearing and at trial. The presentment agency stated that it did not intend to introduce at trial any statements appellant made to the officers. The presentment agency also disclosed via a Voluntary Disclosure Form (VDF) that nine of the fourteen officers were involved in at least one pending lawsuit, and it listed the title and index number of each proceeding.
Appellant sought discovery under Family Court Act § 331.2(1)(a)-(h) and, citing the Equal Protection Clause of the federal and state constitutions, discovery under CPL 245.20(1)(a)-(u). In particular, he sought impeachment information under CPL 245.20(1)(k)(iv).
The presentment agency emailed appellant's attorney "disclosure letters" about twelve of the officers. The letters summarized their disciplinary history. Four officers had at least one pending NYPD disciplinary allegation; eleven had at least one substantiated NYPD disciplinary finding; six of the eleven had multiple findings; and three had at least one substantiated CCRB complaint. However, the presentment agency "refused as not properly discoverable upon a Demand to Produce" any items sought under CPL 245.20(1)(a)-(u). Regarding any impeachment information, the presentment agency said that it had served the previously described letters regarding the disciplinary history of the officers, that no other impeachment evidence was known to exist at the time, and if any was discovered, it would be made available to appellant "pursuant to law." The presentment agency stated that appellant was provided all the information required under the Family Court Act article 3.
As part of his omnibus motion, appellant sought an order directing the presentment agency to provide the discovery sought in his Discovery Demand, including impeachment evidence pursuant to CPL 245.20(1)(k)(iv), [*2]and argued that it was unconstitutional to deny him those materials solely because he is an alleged juvenile delinquent.
The presentment agency opposed the motion and argued that it provided all discovery required by the Family Court Act, and that CPL article 245 did not apply to juvenile delinquency proceedings. The presentment agency also stated that appellant's motion was moot because it fulfilled its "statutory obligations" by providing the VDF and "Rosario and discovery material."
The Family Court "deemed satisfied" appellant's motion because the presentment agency had provided the relief requested in his motion. The Family Court denied any request for "further witness information" stating that "the provisions of the CPL cited by [appellant] are expressly inapplicable and preempted in juvenile delinquency cases pursuant to Family Ct Act 303.1(1)." The court noted that the presentment agency was still required to comply with its statutory, Brady, and Rosario obligations.
While not all provisions of the Criminal Procedure Law are applicable to proceedings under the Family Court Act (Family Ct Act § 303.1[1]) under the circumstances presented here, the denial of records available under CPL 245.10(1)(k)(iv), which broadly requires disclosure of all impeachment evidence deprived appellant of equal protection of the laws (US Const, 14th Amend; NY Const, art I, § 11; see e.g. Matter of James H. , 34 NY2d 814, 816 [1974]; Matter of Arthur M. , 34 AD2d 761 [1st Dept 1970]; Matter of Edward S. , 80 AD2d 585, 585-86 [2d Dept 1981]).
A respondent in a juvenile delinquency proceeding has the same right to cross-examine witnesses as a criminal defendant (see generally Matter of Walker , 144 AD2d 306 [1st Dept 1988]), and there is no reason to allow more limited access to impeachment materials in a juvenile suppression or fact-finding hearing than in a criminal suppression hearing or trial. The need for impeachment evidence is equally crucial in both delinquency and criminal proceedings. A similarly situated defendant in a criminal proceeding would be entitled to access to the impeachment materials requested by appellant.
We note that the legislature is considering legislation that would amend the Family Court Act to include, under proposed Family Court Act § 331.1(k), the very same disclosure now required at CPL 245.20(1)(k) (2021 NY State Senate Bill S4554[passed Senate]; NY State Assembly Bill A4952]).
Because appellant asks only that the information be provided under Family Court Act article 3 timelines, we need not address whether any different time frame contained in the Criminal Procedure Law must apply under equal protection principles. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021